(No. 3589—

BESSIE PRZETACZNIK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1942.*

*Supplemental opinion filed March 10, 1943.*

ROY A. PTACIN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This case comes on to be heard on complaint, transcript of testimony, brief and argument of the parties. Claimant was employed by the Department of Public Welfare of Illinois at the Chicago State Hospital, 6500 Irving Park Boulevard, Chicago. The evidence shows that said claimant operated a marking and sewing machine in said institution, and was paid therefor the sum of Sixty-three ($63.00) Dollars per month salary.

Claimant seeks an award of Nine Hundred Nine and 56/100 Dollars for fifty (50) per cent loss, or loss of use of her right arm.

The evidence further shows that claimant on February 2, 1941, while decending a stairway in said hospital building slipped on some soft substance, and fell downward against the door casing and floor striking her right shoulder against the door and casing.

Dr. Louis Olsman a staff physician of said hospital treated the claimant, and ordered ice-packs for the injured shoulder, and on the following day he x-rayed the injured area and immobolized the arm in a cast. She received short wave diathermy and massage treatment for some time thereafter. The evidence shows that the arm and shoulder were very painful, that her fingers became numb, and she was unable to use her arm as theretofore at the date of the hearing, viz May 16, 1941.

Claimant states she lost no time from her work inasmuch as she was promptly transferred to a supervisory position, which only required her to take orders as they came in, and take in-coming and out-going telephone calls. The evidence further shows that claimant was fifty four years of age, and had no children dependent on her, under the age of sixteen years.

Dr. Albert C. Field of Chicago was called by the claimant, as a witness. He made several examinations of her arm and shoulder for the purpose of testifying. He was not the

treating physician. He testified that on February 18, 1941 he made an examination of claimant, and found she had some limitation of motion in her right elbow joint, but says quite an improvement had taken place since that time. That there was some atrophy of the muscles surrounding the right shoulder girdle, and on active motion she abducts her arm to about twenty five (25) per cent normal. He testified she was unable to put her arm behind her back, and head, but could put her fingers to her shoulder. He took x-rays on February 18, and again on May 12. He testified the x-rays showed that her elbow was fractured at the head of the radius, a chip fracture. That the x-rays taken on May 12, evidenced a bone injury at the insertion of the tendon muscles, that is the muscles that are used to elevate the arm beyond the right angle. He also testified that her inability to raise her arm higher than she can is due to inflammatory condition around the shoulder joint, and also due to the injury. He stated her present disability, in his opinion, amounted to fifty (50) per cent of her right arm.

On cross examination he stated that there was quite an improvement in the elbow joint, that she had a nice result in said elbow joint, and that her injuries now are mostly in the shoulder with some little trouble at the elbow.

Dr. Louis Olsman, staff physician in said hospital was called on behalf of the respondent. He testified that she came to him on January 3, 1941. At that time he found her suffering from an injury to the elbow and there was pain and limitation of motion of said right elbow, and he advised cold packs and aspirin tablets. That he advised an x-ray be taken the following morning. An x-ray was taken on January 4, 1941, revealing a fracture at the head of the radius. A cast was applied to the arm, and removed on January 23, 1941. The arm was then placed in a sling for two weeks, following this, diathermy and physiotherapy were applied to the arm.

He testified that at the present time (May 16, 1941) the elbow is well healed, there being however, some evidence of the old fracture with the possibility of the ulnar nerve being involved.

He stated that he examined her the day of the hearing and that the condition of the elbow now shows almost total ability for flexion, and extension, and that the condition of the shoulder shows a limitation of the ability to abduct above

ninety (90) per cent and inability to place the arm behind the back, and inability to raise the arm to the back of the head, and that in his opinion her loss of use of the right arm is about forty five (45) to fifty (50) per cent.

Petitioner is not claiming any compensation for loss of time, she having been paid in full her wages from the time of the accident until the date of the hearing.

The remaining question to be decided is whether the claimant is entitled to compensation for specific loss under Section 8 of the Workmen's Compensation Act. The claimant bases her claim on specific loss of the use of her right arm.

The record establishes that the claimant and the respondent were, on January 3, 1941, operating under the provisions of the Workmen's Compensation Act. That on the date above mentioned said claimant sustained accidental injuries which did arise out of and during the course of her employment, and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act. That the earnings of the claimant during the year next preceding the injuries were Seven Hundred Fifty-six ($756.00) Dollars, and that her average weekly wage was Fourteen and 54/100 ($14.54) Dollars, and is therefore entitled to weekly compensation at the rate of Seven and 50/100 ($7.50) Dollars.

That the claimant, at the time of the injury, was 54 years of age, and had no children under the age of 16 years. That the necessary medical, surgical, and hospital services had been provided by the respondent.

The court finds that the disabling condition is temporary and has not yet reached a permanent condition up to the date of the hearing. The following award is no bar to a further hearing, and determination of a further amount of compensation for permanent disability, but is conclusive as to all other questions.

The court finds that claimant is entitled to have and receive from the respondent the sum of Seven and 50/100 ($7.50) Dollars per week for a period of fifty six and one-fourth (56¼) weeks, representing a twenty five (25) per cent loss of use of the right arm, amounting to the sum of Four Hundred Twenty-one and 88/100 ($421.88) Dollars, as provided in paragraph (b) of Section (19), and paragraph (e) of Section (8). The further sum of Forty Two and 19/100

($42.19) Dollars as provided in paragraph (L) of Section (8) of said Act, as amended for the reason the injuries were sustained after July 1, 1939. Making a total sum due claimant of Four Hundred Sixty-four and 07/100 ($464.07) Dollars payable in a lump sum.

All of this amount has accrued, as of January 13, 1942, except Thirty Nine and 07/100 ($39.07) Dollars. Payment by the respondent in weekly installments, however of said sum of Thirty Nine and 07/100 ($39.07) Dollars is impracticable, and the award will therefore be commuted into a lump sum in accordance with Section (9) of the Workmen's Compensation Act, without deduction.

An award is therefore hereby entered in favor of claimant, Bessie Przetacznik, for the sum of Four Hundred Sixty-four and 07/100 ($464.07) Dollars in a lump sum.

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.

### SUPPLEMENTAL OPINION.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

### ADDITIONAL AWARD.

On the 13th day of January, 1942, this court had under consideration a complaint filed in the above entitled cause seeking an award under the Workmen's Compensation Act for fifty per cent (50%) loss of use of claimant's right arm due to an injury in the course of her employment for respondent at the Chicago State Hospital located in Cook County, Illinois.

After full consideration this court made an award amounting to twenty-five per cent (25%) permanent partial loss of use of her right arm under the provisions of the Workmen's Compensation Act as provided in paragraph (e) of Section (8).

Being convinced that her disability had not reached a permanent condition and that she might improve in time we provided as follows:

"The court finds that the disabling condition is temporary and has not yet reached a permanent condition up to the date of the hearing. The following award is no bar to a further hearing and determination of a further amount of compensation for permanent disability, but is conclusive as to all other questions." As provided in Paragraph (b) of Section (19) of said Act.

On May 25, 1942 the claimant again appeared in court through petition asking for an additional award stating that said injury had reached a permanent condition.

Evidence was taken of claimant, and Dr. Albert C. Field on behalf of claimant, and Dr. Louis Olsman of the Chicago State Hospital for respondent.

The evidence shows that about twenty-five (25) months have elapsed since the date of the accident. No improvement has been noticed in the condition of the injured arm since the first award, by the claimant or her physician. The evidence further shows that since said first award claimant on advise of her physician Dr. Benedetto tried the rest cure from January 1, 1942 until April 21, 1942. During this period she received no pay from respondent having obtained sick leave. During that time she took diathermy and massage treatments on the shoulder and elbow, exercised her injured arm with a bucket of sand and in many ways attempted to restore the full functional use of the injured member.

It is agreed by the medical witnesses both for claimant and respondent that the condition as it exists today is permanent and that there is little likelihood that it will improve with time.

Dr. Louis Olsman called on behalf of the respondent. testified that his examination on August 7, 1942, showed she lacked ten degrees abducting her right arm as much as she could on May 21, 1941.

Upon full consideration of the record the court is of the opinion that claimant is entitled to an additional award for permanent partial disability of her right arm, and further that she is entitled to a further award for temporary total disability from January 1, 1942 to April 21, 1942.

Claimant also seeks an award of $20.00 for additional medical expenses paid by claimant to Dr. Benedetto her family physician. The record discloses that the State had not

authorized claimant to employ him. She employed him on her own accord.

This claim for medical services must be denied.

An additional award is therefore entered in favor of claimant as follows: For temporary total disability the sum of $8.25 for a period of 16 6/7 weeks amounting to the sum of $139.07. For permanent partial disability the sum of $8.25 for a period of 56¼ weeks amounting to the sum of $464.07 as provided in paragraph (e) and (L) of Section (8) of the Workmen's Compensation Act, making a total award of Six Hundred and Three Dollars and Fourteen Cents ($603.14), all of which has accrued and is now payable in a lump sum.

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof,'' approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.